IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THE BANK OF NEW YORK MELLON,

    Plaintiff,                    No. 2:12-cv-1540 KJM DAD PS

    vs.

MARIA FLORES,                 FINDINGS AND RECOMMENDATIONS

    Defendant.

_____/

        By Notice of Removal filed June 7, 2012, this unlawful detainer action was removed from the Sacramento County Superior Court by defendant Maria Flores, who is proceeding pro se. (Doc. No. 1.) Accordingly, the matter has been referred to the undersigned for all purposes encompassed by Local Rule 302(c)(21).

        Defendant has requested leave to proceed in forma pauperis, (Doc. No. 4), and defendant's in forma pauperis application makes the showing required by 28 U.S.C. § 1915(a)(1). However, a determination that a party qualifies financially for in forma pauperis status does not complete the inquiry required by the statute. "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)). See

1  also Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to
2  examine any application for leave to proceed in forma pauperis to determine whether the
3  proposed proceeding has merit and if it appears that the proceeding is without merit, the court is
4  bound to deny a motion seeking leave to proceed in forma pauperis.").  Moreover, the court must
5  dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or
6  if it is determined that the action is frivolous or malicious, fails to state a claim on which relief
7  may be granted, or seeks monetary relief against an immune defendant.  See 28 U.S.C. §
8  1915(e)(2).  A complaint is legally frivolous when it lacks an arguable basis in law or in fact.
9  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
10 (9th Cir. 1984).  Under this standard, a court must dismiss a complaint as frivolous where it is
11 based on an indisputably meritless legal theory or where the factual contentions are clearly
12 baseless.  Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

13         Here, defendant's June 7, 2012 Notice of Removal states that defendant
14 "previously filed a Notice of Removal on February 20, 2012."  (Doc. No. 1 at 2.)  Defendant
15 states that, aside from addressing plaintiff's citizenship, the June 7, 2012 Notice of Removal is
16 "otherwise identical in substance to the previously filed Notice."  (Id.)

17         The court's records reflect that prior to filing the Notice of Removal in this action
18 on June 7, 2012, on February 21, 2012, defendant did in fact file a Notice of Removal of this
19 same unlawful detainer action in The Bank of New York Mellon v. Maria Flores and DOES 1-
20 10, Inclusive, No. 2:12-cv-00435 KJM KJN PS.[1]  The docket in that federal action reflects that
21 the assigned Magistrate Judge granted defendant's application to proceed in forma pauperis and
22 has issued pending Findings and Recommendations, recommending that the case be remanded to
23 the Sacramento County Superior Court due to a lack of subject matter jurisdiction.  This action is

---

[1] A court may take judicial notice of its own files and documents.  See Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank, 136 F.3d 1360, 1364 (9th Cir. 1998); MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).

duplicative of that earlier case filed in this court in which findings and recommendations recommending that the case be remanded are pending

It is well established that federal district courts have the inherent power to administer their dockets in a manner that conserves scarce judicial resources and promotes the efficient and comprehensive disposition of cases. See Colorado River Water Conservation District v. United States, 424 U.S. 800, 817 (1976) (noting that "the general rule is to avoid duplicative litigation."). "A litigant has no right to maintain a second action duplicative of another." Barapind v. Reno, 72 F. Supp. 2d 1132, 1145 (E.D. Cal. 1999) (citing The Haytian Republic, 154 U.S. 118, 124 (1894)). "A litigant 'ha[s] no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" Id. (quoting Walton v. Eaton Corp., 563 F.2d 66, 70 (3d. Cir. 1977); and citing Friends of the Earth, Inc. v. Crown Central Petroleum Corp., 95 F.3d 358, 362 (5th Cir. 1996)). A suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions. 72 F. Supp. 2d at 1145. "Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the 'comprehensive disposition of litigation.'" Adams v. California Dep't of Health Svcs., 487 F.3d 684, 692-93 (9th Cir. 2007) (quoting Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co., 342 U.S. 180, 183 (1952)).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant's June 7, 2012 application to proceed in forma pauperis (Doc. No. 4) be denied; and

2. This pro se case be dismissed as duplicative of another action filed in this court which is pending.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after this order is served on all parties, any party may file and serve written

1 objections with the court.  A document containing objections should be titled "Objections to
2 Magistrate Judge's Findings and Recommendations."  Any reply to objections shall be filed and
3 served within seven (7) days after the objections are served.  The parties are cautioned that failure
4 to file objections within the specified time may, under certain circumstances, waive the right to
5 appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
6 DATED: August 30, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

12 DAD:6
Ddad1\orders.pro se\BNYM-flores1540.dup.f&rs